Commissioner of Public Welfare of the City of New York ex rel. Alice Gordon, Respondent, v. George Behringer, Appellant.— Order of filiation of the Court of Special Sessions unanimously affirmed. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

May Belle Cross, Respondent, v. Stoughton P. Cross, Appellant.— Order denying motion to dismiss complaint, and also denying motion to strike out certain allegations therein, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

Peter Daly, Appellant, v. The Dollar Steamship Line, Respondent. F. Jarka Co., Inc., and Steamship Terminal Operating Corporation, Defendants.— Order vacating previous order granting a preference affirmed, with ten dollars costs and disbursements. No opinion. Rich, Young and Scudder, JJ., concur; Lazansky, P. J., and Kapper, J., dissent.

Alonzo E. De Baun, Appellant, v. John W. Block, Jr., Defendant. Jessie B. Graff and Others, Respondents.— Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiff as prayed for in the complaint, with costs. The failure to close the contract, the basis of this action, upon the adjourned day, was not due to any fault upon the part of plaintiff. We are of opinion that the finding of the court that the property, the subject of this action, was partnership property, is contrary to the evidence. Defendant John W. Block, Jr., became seized of the fee title by the will of his father, John W. Block, Sr., and by subsequent deeds from his mother, his sisters and his brother, defendant Clarence E. Block, the last named of whom conveyed by two deeds one of which was executed and delivered in the year 1917. An outstanding interest remained in Doris K. Block. This is inconsistent, under the evidence in this case, with the holding that this was property held by a partnership consisting of John W. Block, Jr., and Clarence E. Block, formed soon after the father's death. The evidence does not support the finding that the property was purchased with partnership money. The conceded facts in the case are to the contrary. The settlement of the partnership action brought by Clarence E. Block against his brother is not tantamount to a judicial determination that a partnership existed and that the property here involved was partnership property. Even if the property were partnership property, Clarence E. Block is estopped from disputing the contract in suit for the reason that, having received a conveyance from his brother, John W. Block, Jr., subject to the plaintiff's contract, he received the down payment and retained it for a period of more than one year thereafter, until, as he testified, having ascertained the value of the property, he offered to return it to plaintiff. Having, therefore, retained the benefits of the plaintiff's contract, he cannot now repudiate it. (See, also, Partnership Law, § 20, subd. 1, and § 21, subd. 3.) Findings and conclusions inconsistent with this determination are reversed, and new findings and conclusions will be made. Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ., concur. Settle order on notice.